DECISION.
{¶ 1} After entering a plea of no contest, the defendant-appellant, William Banks, was convicted of having weapons under a disability, a violation of R.C. 2923.13(B)(2), with two accompanying firearm specifications, violations of R.C. 2941.145 and 2941.141, as well as two counts of carrying a concealed weapon, violations of R.C. 2923.12(A). Banks was sentenced to (1) the maximum five-year term for the weapons-under-a-disability charge, (2) three years for apparently just one of the firearm specifications (to be consecutive to the sentence for the main offense), and (3) one year each for the concealed-weapons charges (to be consecutive to the other terms but concurrent with each other). Altogether, Banks was sentenced to a total of 11 years' confinement.
 {¶ 2} In his sole assignment of error, Banks challenges the trial court's imposition of the maximum five-year sentence for the weapons-under-a-disability charge. Specifically, he argues that the trial court engaged in unconstitutional fact-finding when it made both of the alternate statutory findings required to impose the maximum sentence under R.C. 2929.14(A)(1) and 2929.14(C): that his particular violation constituted one of the worst forms of the offense, and that he posed the greatest likelihood of committing future crime. According to Banks, he had a right to a jury trial for each of these findings, which involved facts that were not admitted as part of his no-contest plea.
 {¶ 3} Banks's argument relies on a series of recent United States Supreme Court cases. In Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, the Court applied the Sixth Amendment's right to a jury trial, along with the requirement of proof beyond a reasonable doubt, to any factual finding necessary to impose a sentence that exceeds the "prescribed statutory maximum." Subsequently, in Blakely v. Washington
(2004), 542 U.S. ___, 124 S.Ct. 2531, the Court clarified the term "prescribed statutory maximum" to mean the maximum sentence that a trial court can impose based solely on the facts either found at trial ("reflected in the jury verdict") or otherwise conceded by the defendant as a result of plea or stipulation. Id. at 2537.
 {¶ 4} Applying Apprendi and Blakely, as well as United States v.Booker (2005), ___ U.S. ___, 125 S.Ct. 738, this court has held that a judicial finding that the defendant committed one of the worst forms of the offense under R.C. 2929.14(C), when not conceded by the defendant, violated the Sixth Amendment's right to a jury trial. Subsequently, however, in State v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181,826 N.E.2d 340, we held that the trial court could, consistent withApprendi and Blakely, impose the maximum sentence based on the alternate finding that the defendant posed the greatest likelihood of committing future crime, under R.C. 2929.14(C), when that finding was based upon the defendant's history of prior convictions.
 {¶ 5} As we noted in Lowery, as well as in State v. Montgomery,159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, both Blakely andApprendi specifically allow a trial court to consider a defendant's prior convictions without resubmitting the fact of those convictions to a jury. Blakely, 542 U.S. ___, 124 S.Ct. at 2537; Apprendi, supra, at 490,120 S.Ct. 2348. The rationale is that the defendant's Sixth Amendment rights have already attended the earlier convictions, which a jury could not rationally deny anyway, being a matter of historical record, and that prior convictions are an indicator of recidivism, a sentencing factor that the United States Supreme Court recognizes as distinct because of its traditional role in court-determined sentencing. See Jones v. UnitedStates (1999), 526 U.S. 227, 248-249, 119 S.Ct. 1215, cited in Apprendi,
supra, at 490, 120 S.Ct. 2348. It should be pointed out, further, that by pleading no contest in this case, Banks accepted the facts as contained in the indictment, which included, as part of the weapons-under-a-disability charge, that he had been previously convicted of murder and manslaughter, thus further eliminating the need to submit these matters to the jury even without the prior-conviction exception of Blakely.
 {¶ 6} We also concluded in Lowery that when a trial court made findings that the defendant had committed one of the worst forms of the offense and that he posed the greatest likelihood of committing future crime, a harmless-error analysis was appropriate when the latter finding was based upon the defendant's history of prior convictions. In other words, even if a trial court committed a Blakely error by not submitting the "worstforms" determination to a jury, the imposition of the maximum sentence could still be sustainable under Blakely if the court's alternate finding that the defendant posed the greatest likelihood of committing future crime was based upon the defendant's history of prior convictions. Lowery, supra, at ¶ 46.
 {¶ 7} We conclude that such an analysis is appropriate here. Banks had been previously convicted of very serious crimes, murder and manslaughter. Less than five years from his release on post-release control, he was caught with both a .38-caliber revolver and a 7-inch switchblade knife in his possession. Although not noting Banks's prior convictions in the particular part of the sentencing worksheet dealing with the maximum sentence, the court elsewhere indicated that it found that recidivism was likely because of Banks's prior convictions. Further, during the sentencing hearing, just before imposing the maximum sentence, the trial court noted that Banks had been "in prison for very serious crimes before," that it was duty-bound to "take into consideration [Banks's] past," and that it had an obligation "to protect the public." Considering this record, we are persuaded that the trial court's finding that Banks posed the greatest likelihood of committing future crime was based on his history of prior convictions, and therefore that this finding, even though not made by the jury, did not violateBlakely.
 {¶ 8} Accordingly, Banks's single assignment of error is found not to be well taken, and the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., Hildebrandt and Gorman, JJ.