JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-Appellant Martin Ross appeals his conviction on two counts of unlawful sexual conduct with a minor, felonies of the third degree, and one count of illegal use of a minor in nudity-oriented material, a felony of the second degree.[1] Ross pleaded guilty and was sentenced to five year prison terms for the three counts, to be served concurrently.
On appeal, counsel for Ross has filed a brief in accordance with Andersv. California, stating that counsel has conscientiously reviewed the record and has found no non-frivolous grounds on which to appeal.[2]
Counsel requests permission to withdraw and, as required by Anders,
requests that this court independently examine the record to determine if the proceedings below were free of prejudicial error. Counsel has properly notified Ross of the filing of the Anders brief, providing sufficient time for Ross to provide grounds for this appeal, though he has chosen not to do so.
After examining the entire record, we are satisfied that counsel has provided Ross with a diligent and thorough review of the proceedings, and that the proceedings below were free of prejudicial error. The lower court rigorously adhered to the requirements of Crim.R. 11 in accepting Ross' guilty plea. The trial court made all the appropriate findings to support the sentence imposed.[3]
We conclude that Ross's appeal is without merit and wholly frivolous. Therefore, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this "no error" appeal. But because of Ross's indigency, we allow no penalty.
A certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] R.C. 2907.04(A); R.C. 2907.323(A)(1).
[2] See Anders v. California (1967), 386 U.S. 738, 744, 87 S.Ct. 1400.
[3] See State v. Banks, 1st Dist. Nos. C-040437 and C-040503,2005-Ohio-3069; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.