The STATE of Ohio, Appellee,

v.

MONTGOMERY, Appellant.

[Cite as *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040190.

Decided March 11, 2005.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, for appellee.

Ravert J. Clark, for appellant.

HILDEBRANDT, Judge.

{¶ 1} Following the entry of a guilty plea, defendant-appellant Antonio Montgomery was convicted of trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A)(1). The trial court imposed an 11-month prison term and ordered that it be served consecutively to the prison term in the case numbered B–0301478. (At the time of his conviction for trafficking in cocaine, Montgomery had been on community control in the case numbered B–0301478. Based on his new trafficking conviction, the trial court found that Montgomery had violated his community-control sanctions and imposed a prison sentence.) Montgomery now appeals the imposition of his trafficking sentence.

{¶ 2} In his single assignment of error, Montgomery argues that under the United States Supreme Court's decision in *Blakely v. Washington*,[1] the trial court erred by imposing a nonminimum prison term when the additional findings necessary to impose that term were not found by a jury or admitted by Montgomery. Montgomery sets forth the same argument with respect to the imposition of consecutive sentences. For the following reasons, we modify Montgomery's sentence in part.

{¶ 3} *Blakely* reaffirmed the holding in *Apprendi v. New Jersey*[2] that under the Sixth Amendment, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' "[3] The *Blakely* court defined "statutory maximum" not as the longest term the defendant can receive under any circumstances but as "the maximum sentence a judge may

---

1. *Blakely v. Washington* (2004), —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403.

2. *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

3. *Blakely*, —— U.S. at ——, 124 S.Ct. at 2536, 159 L.Ed.2d 403, quoting *Apprendi*, supra, at 490, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." [4]

{¶ 4} This court has previously held, in a series of cases,[5] that *Blakely* does not affect Ohio's sentencing scheme. But in light of the Supreme Court's recent decision in *United States v. Booker*,[6] which reaffirmed the holding in *Blakely*, we have reevaluated our previous decisions and have determined that the Sixth Amendment does have a bearing on some of Ohio's sentencing statutes.[7]

{¶ 5} In *State v. Bruce*,[8] we held that R.C. 2929.14(C), the sentencing statute governing the imposition of maximum sentences, was unconstitutional to the extent that it permitted a sentencing court to impose a sentence that exceeded the maximum term supported by the jury's verdict or admissions by the defendant.[9] There, Bruce was convicted of voluntary manslaughter after pleading guilty. He was sentenced to ten years, the maximum sentence allowed under state law after the trial court made the factual finding that Bruce had committed one of the "worst forms" of the offense.

{¶ 6} In determining that Bruce's sentence violated the Sixth Amendment, we noted that our prior interpretation of *Blakely*'s definition of the "statutory maximum" as the "statutory range" was wrong.[10] Instead, we relied on *Booker*'s affirmation of the rule in *Blakely* that a defendant has the "right to have the jury find the existence of 'any particular fact' that the law makes essential to his punishment." [11]

{¶ 7} Thus, we concluded in *Bruce* that the "statutory maximum" for *Blakely* purposes is the maximum term a trial court can impose without any additional findings; i.e., a prison term supported solely by the jury's verdict or the

---

**4.** Id. at ——, 124 S.Ct. at 2537, 159 L.Ed.2d 403.

**5.** See *State v. Bell*, 1st Dist. No. C–030726, 2004-Ohio-3621, 2004 WL 1531904; see, also, *State v. Eckstein*, 1st Dist. No. C–030139, 2004-Ohio-5059, 2004 WL 2244828; *State v. Rose*, 1st Dist. No. C–040092, 2004-Ohio-7000, 2004 WL 2973982; *State v. Monford*, 1st Dist. No. C–030606, 2004-Ohio-5616, 2004 WL 2367985.

**6.** *Unites States v. Booker* (2005), —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621.

**7.** See *State v. Bruce*, 159 Ohio App.3d 562, 2005-Ohio-373, 824 N.E.2d 609.

**8.** Id.

**9.** Id. at ¶ 9.

**10.** Id. at ¶ 7–8.

**11.** *Booker*, supra note 6, at ——, 125 S.Ct. at 749, 160 L.Ed.2d 621, citing *Blakely*, supra note 1, at ——, 124 S.Ct. at 2536, 159 L.Ed.2d 403.

defendant's admissions. Accordingly, we determined that the trial court's finding, after Bruce had pleaded guilty, that Bruce had committed the worst form of the offense was an additional finding, and, thus, the trial court's reliance on that independent fact to impose the maximum sentence was improper because it was not admitted by Bruce or found by a jury.[12] We then reduced Bruce's sentence to nine years, the longest prison term that could be imposed under Ohio's sentencing scheme supported by Bruce's admissions.

{¶ 8} In light of our interpretation of the current state of the law, we now turn to Montgomery's argument that the trial court erred in imposing a nonminimum prison term. Under Ohio's sentencing scheme, prison terms are determined by the felony degree of the charged offense. For example, R.C. 2929.14(A)(5) states that a prison term for a fifth-degree felony shall be between six and 12 months. Although there is a range of sentences to choose from based on the felony degree, the Ohio legislature has chosen to further limit the sentencing court's discretion in selecting an appropriate prison term. One such limitation is found in R.C. 2929.14(B), which provides that "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section" unless the offender has previously served a prison term or the trial court finds that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender."[13] A plain reading of this statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that the imposition of the minimum term is sufficient.[14] Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)(2).

{¶ 9} As we have noted previously, *Blakely*'s bright-line rule is that any fact that increases the penalty for a crime above the prescribed statutory maximum must be found by a jury or admitted by the defendant. In *Bruce*, we held that the statutory maximum is the maximum term a sentencing court can impose without any additional findings by the court. Under R.C. 2929.14(B), the only prison term a sentencing court can impose on an offender who has not previously served a prison term, without making additional findings, is the minimum prison term allowed by law for the offense. Thus, we hold that the

12. *Bruce*, supra note 7, at ¶ 9.

13. R.C. 2929.14(B)(1) and (2).

14. See *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.[15]

{¶ 10} Our holding today overrules our decision in *State v. Eckstein*[16] to the extent that it held that the minimum sentence for an offense was not the statutory maximum for offenders who had not previously served a prison term.[17] With our decision today, we note again that, under R.C. 2929.14(B), the legislature has mandated that the sentencing court impose the shortest prison term on a first-time offender unless it makes one of the R.C. 2929.14(B)(2) findings. It is not simply a recommendation to sentencing courts. The sentencing court does not have the authority to impose a longer sentence unless it makes additional R.C. 2929.14(B)(2) findings. While we understand that these "findings" have historically been considered sentencing factors, the *Blakely* line of jurisprudence now makes them "facts" that must be found by a jury or admitted by the defendant, because they affect the level of punishment an offender will receive.[18] The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions.

{¶ 11} While our decision today to treat the minimum prison term as the statutory maximum for offenders who have not previously served a prison term is in conflict with the Third Appellate District's decision in *State v. Trubee*[19] and the Tenth Appellate District's decision in *State v. Abdul–Mumin*,[20] we believe that it comports with our holding in *Bruce*, where we explained that the "statutory maximum" sentence is the maximum sentence a court may impose without any additional findings, and with *Booker*, where the Supreme Court reaffirmed the

---

15. Cf. *State v. Trubee*, 3rd Dist. No. 9–03–65, 2005-Ohio-552, 2005 WL 335833; *State v. Abdul–Mumin*, 10th Dist. Nos. 04AP–485 and 04AP–486, 2005-Ohio-522, 2005 WL 315062.

16. See *Eckstein*, supra note 5.

17. Id. at ¶ 22.

18. *Booker* does not say that the Sixth Amendment requires that a jury determine every fact that could increase a defendant's sentence; a sentencing court still has discretion to consider facts that will cause it to impose a higher sentence *within* the prescribed statutory range. *Booker*, supra note 6, at ——, 125 S.Ct. at 750, 160 L.Ed.2d 621. But *Booker* does require that facts that enhance the defendant's level of punishment above the statutory maximum be found by a jury or admitted by the defendant. Thus, it is irrelevant that historically some findings within Ohio's sentencing scheme, such as those in R.C. 2929.14(B)(2), have been viewed as discretionary factors that a court may consider when imposing a sentence, since this practice is now in conflict with the Sixth Amendment.

19. *Trubee*, supra note 15.

20. *Abdul–Mumin*, supra note 15.

bright-line rule that any fact that affects the level of punishment above the statutory maximum must be found by a jury or admitted by the defendant.

{¶ 12} We now evaluate Montgomery's sentence in light of our discussion of the law. Montgomery was convicted of trafficking in cocaine, a fifth-degree felony that carries a penalty of six to 12 months' imprisonment.[21] The trial court sentenced Montgomery, who had not previously served a prison term with the Ohio Department of Corrections, to 11 months after making the factual finding that the shortest prison term would demean the seriousness of Montgomery's conduct and/or would not protect the public from future crime by him. Because the court made the additional R.C. 2929.14(B)(2) finding at the sentencing hearing, after Montgomery's plea had been accepted, the Sixth Amendment prohibited the imposition of a prison term longer than the minimum for Montgomery's first prison term.

{¶ 13} Although *Blakely* allows the fact of a prior conviction to support an enhanced sentence,[22] we hold that that exception does not apply here. At Montgomery's sentencing hearing, the trial court noted that Montgomery had previously been convicted of trafficking in cocaine, although he was not sentenced to a prison term. But the court based its R.C. 2929.14(B)(2) finding on Montgomery's previous juvenile-delinquency adjudications and confinement in juvenile detention facilities. It is well established in Ohio that an adjudication that a juvenile is delinquent is not the same as a criminal conviction.[23] Accordingly, the fact of Montgomery's previous juvenile-delinquency adjudications could not be used to justify a finding that the shortest prison term would not adequately protect the public from future crime by the offender or would demean the seriousness of the crime under *Blakely*'s prior-conviction exception.

{¶ 14} Accordingly, we hold that Montgomery's sentence violated the Sixth Amendment. Therefore, we modify Montgomery's sentence to six months, the minimum prison term for a fifth-degree felony as set forth in R.C. 2929.14(A)(5).[24] Further, we hold that R.C. 2929.14(A)(5) and 2929.14(B) are unconstitutional to

---

21. See R.C. 2929.14(A)(5).

22. *Blakely*, supra note 1, —— U.S. at ——, 124 S.Ct. at 2536, 159 L.Ed.2d 403; see, also, *Trubee*, supra note 15.

23. *In re Agler* (1969), 19 Ohio St.2d 70, 80, 48 O.O.2d 85, 249 N.E.2d 808 ("The very purpose of the Juvenile Code is to avoid treatment of youngsters as criminals and insulate them from the reputation and answerability of criminals"); *In re Good* (1997), 118 Ohio App.3d 371, 375, 692 N.E.2d 1072; *In re Rayner* (Nov. 8, 2001), 7th Dist. No. 00–BA–7, 2001 WL 1468530 ("A juvenile court delinquency adjudication is not a criminal conviction * * * unless specifically established by the legislature").

24. See R.C. 2953.08(G)(2)(b).

the extent that the statutes allow a trial court to increase the presumptive sentence in the absence of jury findings or admissions by the defendant.

 {¶ 15} We now turn to Montgomery's argument that *Blakely* is applicable to R.C. 2929.14(E), the statute governing the imposition of consecutive sentences. Montgomery contends that because a sentencing court must make independent findings prior to ordering that prison terms be served consecutively, the Sixth Amendment right to a jury trial is implicated. We disagree.

{¶ 16} Again, the rule set forth in *Apprendi* and affirmed in *Blakely* is that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' "[25] The United States Supreme Court, to date, has not applied this rule to the imposition of aggregate sentences. *Apprendi, Blakely,* and *Booker* concerned only the limits of punishment for one specific crime. They did not address whether the sentences for multiple, but separate, crimes should be served concurrently or consecutively. To apply *Blakely* to the imposition of consecutive sentences would be to unnecessarily expand the Sixth Amendment jurisprudence articulated by the Supreme Court. Further, federal courts have consistently held that the imposition of consecutive sentences does not violate the Sixth Amendment if the individual sentence for each count does not exceed the statutory maximum for the corresponding offense.[26] Ohio courts have held the same.[27]

 {¶ 17} Because we hold that *Blakely* does not apply to consecutive sentences, we evaluate the imposition of the consecutive sentences here as we have done in the past. In Ohio, to impose consecutive sentences under R.C. 2929.14(E)(4), the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also make one of the following findings: (1) when the offender committed the

25. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2536, 159 L.Ed.2d 403, quoting *Apprendi,* supra note 2, 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.

26. See *United States v. Feola* (C.A.2, 2001), 275 F.3d 216, 220; *United States v. Pressley* (C.A.11, 2003), 345 F.3d 1205, 1213; *United States v. Wingo* (C.A.6, 2003), 76 Fed. Appx. 30; *United States v. McWaine* (C.A.5, 2002), 290 F.3d 269.

27. See *State v. Taylor,* 158 Ohio App.3d 597, 2004-Ohio-5939, 821 N.E.2d 192; *State v. Carter,* 6th Dist. No. L–00–1082, 2002-Ohio-3433, 2002 WL 1436019, at ¶ 25; *State v. Wilson,* 6th Dist. No. L–01–1196, 2002-Ohio-5920, 2002 WL 31420758; *State v. Gambrel* (Feb. 2, 2001), 2nd Dist. No. 2000–CA–29, 2001 WL 85793; *Abdul–Mumin,* supra note 15, at ¶ 30; But, see, *State v. Moore,* 8th Dist. No. 83653, 2004-Ohio-5383, 2004 WL 2252044.

offenses, he was awaiting trial or was under community control, (2) the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the offender's conduct, or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[28] A trial court imposing consecutive sentences must make the required findings and specify on the record its reasons supporting those findings.[29]

{¶ 18} Here, the trial court made all the statutorily required findings, including the finding that Montgomery was on community control at the time of the trafficking offense, and it gave supporting reasons for its other findings on the record at the sentencing hearing. Under Ohio's sentencing scheme, consecutive sentences were properly imposed.

{¶ 19} In sum, we modify Montgomery's sentence in part to a minimum prison term of six months for his trafficking conviction. We leave undisturbed that part of the trial court's order making the trafficking sentence consecutive to the sentence separately imposed for Montgomery's community-control violation.

Sentence modified in part.

DOAN, P.J., and SUNDERMANN, J., concur.

---

28. R.C. 2929.14(E)(4)(a) through (c).

29. R.C. 2929.19(B)(2)(d); *State v. Edmonson,* 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.