JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Anthony Seay, pleaded guilty to two counts of unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A), both of which were fourth-degree felonies. The trial court sentenced Seay to eight months' imprisonment on each offense, to be served concurrently.
In his sole assignment of error, Seay contends that the sentences were contrary to law. Our review of the record shows that the sentences were within the statutory range for a fourth-degree felony. R.C. 2929.14(A)(4). The court made the appropriate findings at the sentencing hearing to justify the sentences, including the imposition of more than the minimum sentences. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473; State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131.
Nevertheless, we must modify the sentences imposed in this case. This court recently decided State v. Montgomery, 1st Dist. No. C-040190,2005-Ohio-1018. In that case, we applied the United States Supreme Court's decisions in Blakely v. Washington (2004) ___ U.S. ___,124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, to Ohio's sentencing statutes. We noted that before a court may impose a term greater than the minimum on an offender who has not previously served a prison term, it must find facts not found by a jury or admitted by the defendant. This is unconstitutional under Blakely andBooker. The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict or the defendant's admissions. Therefore, we held that the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.
The minimum prison term for a fourth-degree felony is six months. R.C.2929.14(A)(4). Therefore, we modify Seay's sentence to two six-month terms of imprisonment and order that the terms be served concurrently. We affirm the trial court's judgment in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.