JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On May 16, 2005, oral argument in this appeal was scheduled to be heard before this court. Prior to argument, counsel for the defendant-appellant, John York, filed a no-error brief pursuant to Andersv. California (1967), 386 U.S. 738, 87 S.Ct. 1396, along with a motion to withdraw. Counsel waived oral argument and the appeal was submitted on the briefs. Pursuant to Anders, we proceeded to conduct our own independent examination to determine if the case "was wholly frivolous" or if there were "legal points arguable on their merits." Anders,386 U.S. at 744, 87 S.Ct. 1396. After the required examination, we discerned an arguable legal point, the applicability of this court's decision in State v. Montgomery, 159 Ohio App.3d 752, 825 N.E.2d 250,2005-Ohio-1018, and specifically whether that decision required modification of York's sentence to the minimum one-year mandatory sentence on each third-degree felony for which he was convicted. Accordingly, consistent with our decision in In re Booker (July 23, 1999), 1st Dist. No. C-980124, we denied counsel's motion to withdraw and instructed both parties to file supplemental briefs.
Both parties have now briefed the applicability of Montgomery.
York pleaded guilty to two counts of trafficking in cocaine, violations of R.C. 2925.03(A)(1). According to the indictment, the counts stemmed from two different dates, December 18, 2003, and December 23, 2003, on each of which York was alleged to have sold, or attempted to have sold, crack cocaine. Each count was a third-degree felony punishable by a prison term of from one to five years, with one year being mandatory. York was sentenced to two-year prison terms on each count, to be served concurrently.
Because York had not previously served a prison term, R.C. 2929.14(B) required that the court impose the shortest term on each count (one year) unless it found that the shortest term "would demean the seriousness of the offense or w[ould] not adequately protect the public from future crime." As we stated in Montgomery, "a plain reading of the statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that the imposition of the minimum term is sufficient. Thus before imposing a term greater that the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)." Montgomery, supra, at ¶ 8. As we emphasized in that case, R.C. 2929.14(B) is not "simply a recommendation," and without one of the R.C. 2929.14(B)(2) findings, the sentencing court does not have the authority to impose a longer sentence than the shortest term. Id. at ¶ 10.
On the sentencing worksheet, the trial court did not check off any of the five factors under paragraph 8 to justify, pursuant to R.C. 2929.14(B), a sentence greater than the shortest prison term for an offender who has not previously served a prison term. Further, the trial court did not check off any factors indicating that recidivism was likely under R.C.2929.12(D). Conversely, the trial court did check off three factors indicating that recidivism was less likely under R.C. 2929.12(E): that York had not been previously adjudged delinquent, that he had no prior convictions, and that he had been law-abiding for a number of years. The only negative remark the trial court made on the worksheet was that the two separate sales presented a serious danger to the community. This remark, however, was not the equivalent of a finding under paragraph 8 that the shortest sentence would demean the seriousness of the offense, but appears, rather, to have been merely a statement relating to the general "more serious" and "less serious" factors that appeared on the first page of the worksheet.
Because the trial court failed to make the statutory findings necessary to deviate from the shortest prison term, the one-year mandatory term on each count, we hold that the trial court erred by imposing two two-year terms. Therefore, we modify each sentence to the shortest prison term, or one year on each count, to be served concurrently pursuant to the trial court's order.
Both parties, it should be noted, have chosen to address solely that aspect of our decision in Montgomery that dealt with the applicability ofApprendi v. New Jersey (2000), 530 U.S. 446, 120 S.Ct. 2348, and Blakelyv. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531. In Montgomery, we held that R.C. 2929.14(B) was unconstitutional to the extent that it allowed a trial court to increase the presumptive sentence of the shortest prison term in the absence of jury findings or admissions by the defendant.Montgomery, supra, at ¶ 14. In other words, we held that Apprendi andBlakely applied the Sixth Amendment rights of trial by jury and proof beyond a reasonable doubt to R.C. 2929.14(B) findings. Recently, the Ohio Supreme Court has granted the state's motion to stay our decision inMontgomery. State v. Montgomery, 105 Ohio St.3d 1515, 2005-Ohio-1880,826 N.E.2d 313.
The state asks that we either ignore our resolution of the constitutional issues in Montgomery, or hold this matter for decision until the Ohio Supreme Court has put its imprimatur on the issues. Were the only grounds for our decision constitutional, such a request would be pertinent, but since our decision to modify the sentence rests equally on statutory grounds, we perceive no impediment to going forward with a decision here.
Therefore, we modify York's sentences on each of his convictions to the shortest prison term of one year, leaving undisturbed that part of the trial court's order making the sentences concurrent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.