DECISION.
{¶ 1} The trial court sentenced defendant-appellant Terry L. Baccus to six years in prison without making the findings necessary to impose such a sentence. Therefore, we reverse and remand this case for resentencing.
 {¶ 2} On November 17, 2001, Baccus and Juan Stallworth robbed Fat Norm's Deli of $200. Baccus was convicted of robbery,[1] a second-degree felony, and was sentenced to five years of community control, six months of incarceration, and eighty hours of community service.
 {¶ 3} Baccus violated his community-control sanctions three separate times. Each of the first two times, the trial court continued Baccus on community-control sanctions. At the sentencing hearing for the second violation, the trial court told Baccus, "Now, you better do what you're supposed to do because if you don't you have got 7 years hanging over your head and there is not going to be anymore continuing you." After his third violation, the trial court sentenced Baccus to six years in prison with credit for 347 days already served.
 {¶ 4} Baccus appealed his sentence to this court, and we held that the trial court erred when it did not inform Baccus at his original sentencing hearing of the specific prison term that could be imposed if he violated his community-control sanctions.[2] We determined that while in some cases notice given at a sentencing hearing other than the original sentencing hearing may be sufficient, the notice must be given during a hearing where a new sentence is imposed.[3]
 {¶ 5} The state appealed our decision to the Ohio Supreme Court. The Ohio Supreme Court, based on State v. Fraley,[4] reversed our decision. Fraley presented similar circumstances to those in Baccus. InFraley, the defendant was sentenced to five years of community control and then proceeded to violate the terms of his community control on four separate occasions. After the third violation, the trial court for the first time notified the defendant during the sentencing hearing that if he violated the community-control sanctions again, a prison term would be imposed.[5] After the fourth violation, the trial court imposed a prison sentence.[6]
 {¶ 6} The Ohio Supreme Court held that the notification of the specific prison term the trial court would impose, though not given to the defendant until the third sentencing hearing where it was merely continuing community-control sanctions, sufficiently complied with R.C.2929.19(B)(5) and 2929.15(B).[7] Therefore, the trial court in Fraley
properly imposed a prison sentence on the defendant.[8]
 {¶ 7} Following Fraley, we now hold that when the trial court stated to Baccus at the sentencing hearing for his community-control violation that it would impose a seven-year prison term should he violate again, it provided sufficient notification. Accordingly, we overrule his first assignment of error.
 {¶ 8} In our initial decision, we held that Baccus's other assignments of error were rendered moot. But with our new ruling, we must now consider his other arguments that his sentence was unlawful.
 {¶ 9} In his second assignment of error, Baccus argues that the trial court failed to make the necessary findings prior to imposing the six-year prison term. He is correct.
 {¶ 10} When Baccus's six-year prison sentence was imposed, the trial court was required, under R.C. 2929.14(B), to impose the shortest prison term authorized for the offense unless the court found "on the record that the shortest prison term w[ould] demean the seriousness of the offender's conduct or w[ould] not adequately protect the public from future crime by the offender or others." Any findings made and the reasons supporting them must be stated orally by the court at the sentencing hearing.[9]
 {¶ 11} In Fraley, the Ohio Supreme Court stated that, at a later sentencing hearing due to a community-control violation, "the court sentences the offender anew and must comply with the relevant sentencing statutes."[10] Therefore, in this case when the trial court revoked Baccus's community control and sentenced him to prison, the court was required to follow all the relevant sentencing statutes.
 {¶ 12} Baccus was convicted of robbery, a second-degree felony. Prior to this conviction, Baccus had never served a prison term. The possible prison terms for a second-degree felony range between two and eight years.[11] Therefore, the trial court either had to impose the minimum two-year sentence on Baccus or make a finding on the record that the shortest prison term would demean the seriousness of the crime or fail to protect the public from further crime by Baccus or others. The record reveals that the trial court stated no findings on the record that justified imposing more than the minimum sentence on Baccus. Therefore, Baccus's sentence was unlawful.
 {¶ 13} Furthermore, in the time since Baccus's sentence was imposed, we have held that, under Blakely v. Washington[12] and United Statesv. Booker,[13] the statutory maximum for an offender who has not previously served a prison sentence is the minimum prison term allowed by law for the offense.[14] That is, for such an offender, the presumptive sentence is the minimum statutory sentence authorized, and R.C. 2929.14(B) is unconstitutional "to the extent that the statute allow[s] a trial court to increase the presumptive sentence in the absence of jury findings or admissions by the defendant."[15]
 {¶ 14} Therefore, under the current law, the sentencing court could not impose a sentence upon Baccus beyond two years without the additional factual findings of R.C. 2929.14(B) either being made by a jury or admitted to by him. Those findings were not made in this case.
 {¶ 15} Therefore, we must sustain Baccus's second assignment of error, reverse his sentence, and remand the case to the trial court for resentencing. Because we are reversing Baccus's prison sentence, his third assignment of error, which also concerns his sentence, is rendered moot.
 {¶ 16} In his fourth assignment of error, Baccus claims that he received ineffective assistance of trial counsel. Other than the failure of trial counsel to object to the trial court's error in Baccus's sentencing — which we have addressed by reversing Baccus's sentence — we do not find any deficient performance by trial counsel that resulted in prejudice to Baccus.[16] Therefore, we overrule Baccus's fourth assignment of error.
 {¶ 17} In conclusion, we reverse the trial court's sentence and remand the case for resentencing.
Judgment reversed in part and cause remanded.
Doan, P.J., and Sundermann, J., concur.
[1] R.C. 2911.02(A)(2).
[2] See State v. Baccus (Oct. 29, 2004), 1st Dist. No. C-040028.
[3] Id.
[4] See State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110,821 N.E.2d 995.
[5] Id. at ¶ 4.
[6] Id. at ¶ 5.
[7] Id. at ¶ 18.
[8] Id. at ¶ 19.
[9] See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, fn. 2.
[10] See Fraley, supra, at ¶ 17.
[11] R.C. 2929.14(A)(2).
[12] See Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
[13] See United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738.
[14] See State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, at ¶ 9.
[15] Id. at ¶ 14.
[16] See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.