JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant Brian Curry was indicted on one count of aggravated robbery and one count of robbery after participating in a racially-motivated altercation with Mike Coleman. Thomas Curry and Robert Cohorn were indicted as co-defendants. Curry originally pleaded not guilty to the charges, but later pleaded guilty to reduced charges of ethnic intimidation and vandalism. The court accepted Curry's guilty plea and sentenced him to eleven months of incarceration on each count, to be served concurrently.
In his first assignment of error, Curry argues that the sentenced imposed by the court was contrary to law. We agree in part and modify the sentence accordingly.
The court convicted Curry of two felonies of the fifth degree, each carrying a prison term of six to twelve months. The sentences of those convicted of fifth-degree, non-drug felonies are governed by R.C.2929.13(B). Pursuant to R.C. 2929.13(B)(2)(a), a term of imprisonment is mandatory if the trial court finds (1) that one of the nine factors set forth in R.C. 2929.13(B)(1)(a) through (i) applies; (2) that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 after considering the seriousness and recidivism factors set forth in R.C. 2929.12; and (3) that the defendant is not amenable to community-control sanctions. The trial court, in its discretion, may also sentence such an offender to prison if the court "finds that, consistent with the purposes and principles of sentencing, the offender is not amenable to community control."[1] Conversely, the court must impose a community-control sanction if it finds none of the nine enumerated factors to be applicable and concludes that the imposition of community control is consistent with the purposes and principles of sentencing.[2]
In this case, the court began the sentencing review by properly weighing the seriousness and recidivism factors applicable to the case. As to the more serious factors, the court found that the victim had suffered a serious economic loss as a result of Curry's actions and that the crimes were motivated by racial prejudice. The court did not find any "less serious" factors. In reviewing Curry's likelihood of recidivism, the court noted Curry's history of criminal convictions and his lack of remorse. The court recognized that Curry had apologized at the sentencing hearing, but found the apology to be insincere. Curry's claim that the trial court failed to consider this apology is without merit: the court considered it but gave it no weight. The court was free to do this.
In continuing the sentencing analysis, the court found that one of the nine factors set forth in R.C. 2929.13(B)(1)(a) through (i) applied, namely subsection (a), and stated that "there was physical harm to the victim in this case." But the relevant finding under R.C. 2929.13(B)(1)(a) is that "in committing the offense, the offender caused physical harm to a person." (Emphasis added). We clearly and convincingly find that the record does not support this finding, where the state did not present facts demonstrating that Curry had personally injured Coleman, and where Curry unequivocally stated at his plea hearing that he was not admitting to any facts indicating that he had personally injured the victim.
The court's error in sentencing Curry to prison on this basis was harmless, though, because the court found that, consistent with the purposes and principles of sentencing, Curry was not amenable to community control. The court's finding that Curry was not amenable to community control was supported by the record, as Curry had been placed on probation in 2001 for obstructing official business, and he had a long record of misdemeanor and traffic offenses, including two convictions for driving under suspension and a disorderly-conduct citation. Accordingly, we affirm the court's imposition of a prison term.
While we affirm the court's imposition of a prison term, we must modify the eleven-month prison term to six months in order to rectify a violation of Curry's Sixth Amendment jury-trial rights. We have held that, under Ohio's sentencing scheme, "the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense."[3] In this case, Curry, who had never served a prison term, was convicted of two fifth-degree felonies, each allowing a prison term between six and twelve months. The court imposed concurrent prison terms of eleven months after finding that the minimum term of six months would demean the seriousness of the offenses. This finding, which allowed the court to enhance Curry's sentence, was not based upon facts reflected in a jury verdict or admitted by Curry, and it therefore violated Curry's Sixth Amendment rights.[4] Accordingly, we sustain the first assignment of error in part and modify Curry's sentence to a six-month term for each offense.
In his second assignment of error, Curry challenges the court's entry giving him credit for only two of the thirty-seven days he had served in jail while awaiting a resolution of the charges. We find merit to this claim.
During the sentencing hearing, the court indicated that Curry would receive jail-time credit for all thirty-seven days, but the judgment entry erroneously credited him with only two days. The court attempted to correct this error by giving Curry credit for twenty-four days in a subsequent entry, but this entry still inappropriately deprived Curry of credit for thirteen days.
Accordingly, we sustain the second assignment of error. The trial court's journal entry is modified to reflect credit for all thirty-seven days.
In sum, we affirm the trial court's judgment subject to two modifications: (1) the sentence for each offense is to be six months,[5]
and (2) Curry is to receive credit for thirty-seven days of pretrial confinement.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Hendon, JJ.
[1] State v. Brewer (Nov. 24, 2000), 1st Dist. No. C-000148; see, also, State v. Brown, 146 Ohio App.3d 654, 658, 2001-Ohio-4266,767 N.E.2d 1192.
[2] R.C. 2929.13(B)(2)(b).
[3] State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, ¶ 9.
[4] Id. at ¶ 12.
[5] The state's preemptive request for a stay of this judgment in its appellate brief is not proper.