OPINION.
{¶ 1} The defendant-appellant, Danny Wayne Roberts, appeals from the order of the trial court overruling his motion for a new trial after a jury had found him guilty of five counts of gross sexual imposition involving the minor daughter of a former girlfriend. In his six assignments of error, Roberts asserts that (1) he was denied due process and subjected to double jeopardy because the indictment failed to adequately differentiate the counts against him; (2) the trial court erred by sentencing him to greater than the minimum sentence on each count; (3) the trial court's sentencing findings were contrary to law; (4) the trial court erred in denying his motion for a new trial based on newly discovered evidence; (5) he was denied effective assistance of counsel; and (6) his convictions were contrary to the manifest weight of the evidence.
 {¶ 2} For the following reasons, we hold that the first as well as the third through sixth assignments of error lack merit. However, the second assignment is well taken, and therefore we reverse the trial court's imposition of greater than the minimum sentence on each count.
 SUFFICIENCY OF THE INDICTMENT {¶ 3} In his first assignment of error, Roberts argues that the indictment was defective because it failed to adequately differentiate the separate counts of gross sexual imposition and therefore failed to give him sufficient notice of the charges and thus protect him against double jeopardy. We disagree.
 {¶ 4} Pursuant to Crim.R. 12(B)(2), any objection to an indictment must be raised before trial in order to be preserved. As the state correctly points out, Roberts failed to challenge the indictment at any point either before, during, or after the trial. In State v. Frazier
(1995), 73 Ohio St.3d 323, 332, 652 N.E.2d 1000, the Ohio Supreme Court held that a failure to comply with Crim.R. 12(B)(2) constitutes a waiver of all but plain error.
 {¶ 5} In order to be plain error, the error must have clearly determined the outcome of the trial. Crim.R. 52(B). An appellate court should be cautious in recognizing plain error, reserving the doctrine for only exceptional circumstances to avoid a manifest miscarriage of justice. See State v. Long (1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804.
 {¶ 6} Here, the indictment informed Roberts in counts one through four and six that he was being charged with having sexual contact with "A.T.," the initials of his former girlfriend's daughter. The fifth count charged him with engaging in sexual conduct with A.T., "to wit, vaginal intercourse." The first through fifth counts identified the date of each offense as sometime between January 1, 1998, and January 1, 1999. The sixth count, which included the charge that Roberts had engaged in sexual contact with A.T. by force or threat of force, identified the date of the offense as May 25, 2002.
 {¶ 7} The state's bill of particulars provided greater specificity. The state identified the particular sexual contact in the first four counts as Roberts having had A.T. sit on his lap while straddling him. The bill of particulars continued, "On one occasion [Roberts] took A.T.'s panties off and rubbed her vagina while placing his hand down his pants. On three occasions [Roberts] fondled A.T.'s genital region over her panties." The bill of particulars then identified the rape as having occurred when Roberts got into the shower with A.T., pinning her against the wall and inserting his penis into her vagina. Finally, the state specified that the incident that occurred on May 25, 2002, as charged in the sixth count, involved Roberts rubbing his genital region over A.T.'s panties by the use or threat of force. The first five counts were described as having occurred at A.T.'s residence on Lowell Avenue in Cincinnati, when A.T. was less than thirteen years old, while the sixth count was described as having occurred at Camvic Terrace in the Cincinnati neighborhood of Cheviot.
 {¶ 8} Roberts concedes that the indictment contained all the elements of the charged offenses. However, he contends that even with the specificity added by the bill of particulars, he was not adequately appraised of "what occurrences formed the basis of the charges." Rather, he claims that he was convicted "of a generic pattern of abuse rather than four separate incidents," in other words, of committing "the same basic offense over and over again."
 {¶ 9} We disagree and hold that the indictment in combination with the bill of particulars was sufficient to apprise Roberts of each of the separate charges against him. See Russell v. United States (1962),369 U.S. 749, 763-764, 82 S.Ct. 1038. We cannot say that the indictment and the bill of particulars gave rise to any error, let alone plain error.
 {¶ 10} Accordingly, Roberts's first assignment of error is overruled.
 MORE THAN THE MINIMUM {¶ 11} In his second assignment of error, Roberts challenges the trial court's imposition of more than the minimum sentence on each of the gross-sexual-imposition counts. Because Roberts, as both parties agree, had not previously served a prison term, R.C. 29229.14(B) required that the court impose the shortest term on each count unless it found that the shortest term "would demean the seriousness of the offense or w[ould] not adequately protect the public from future crime." As we stated in Statev. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, "a plain reading of the statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that the imposition of the minimum term is sufficient. Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)." Id. at ¶ 8.
 {¶ 12} We also held in Montgomery that the United States Supreme Court's recent decisions in Apprendi v. New Jersey (2000), 530 U.S. 446,120 S.Ct. 2348, Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, render the findings under R.C. 2929.14(B) unconstitutional when they are made by the court based upon facts that have been neither found by the jury nor admitted by the defendant. See Montgomery, supra, at ¶ 12. The only exception is when the findings are expressly based upon the defendant's history of prior convictions, see State v. Lowery, 160 Ohio App.3d 138,2005-Ohio-1181, 826 N.E.2d 340, and/or juvenile adjudications. See Statev. Deters (Aug. 5, 2005), 1st Dist. No. C-010645.
 {¶ 13} Here, the trial court found that more than the minimum sentences were justified based upon both of the factors set forth in R.C. 2929.14(B): that minimum sentences would have both (1) demeaned the seriousness of the crimes, and (2) failed to adequately protect the public from future harm. Neither finding was based upon a history of prior convictions or juvenile adjudications since, as the parties agree, Roberts had no criminal record. Both findings, therefore, were unconstitutional under our holding in Montgomery.
 {¶ 14} Although the state challenges Montgomery and our interpretation of Apprendi, Blakely, and Booker, we decline its invitation to revisit our previous analysis, and we adhere to our own precedent. Accordingly, we hold that the trial court's findings necessary to impose more than the minimum sentences must be stricken, and that Roberts was therefore entitled to the minimum prison term on each count. The five counts of gross sexual imposition were all felonies of the third degree, carrying minimum sentences of one year. Thus, we modify Roberts's sentence on each count to the one-year minimum as opposed to the four-year terms imposed by the trial court.
 {¶ 15} The trial court ordered the sentences for the first and second counts to be served consecutively. The imposition of consecutive sentences is not affected by our decision in Montgomery. See Montgomery,
supra, at ¶ 16. The trial court ordered the sentences for the remaining counts to be served concurrently with each other and concurrently with the sentences imposed for the first and second counts, for a total of eight year's imprisonment. As we recalculate Robert's total sentence, he is now to serve a total of two years, and we modify his sentence accordingly.
 OTHER SENTENCING ISSUES {¶ 16} In his third assignment of error, Roberts contends that it was error for the trial court to use "elements of the offense and the convictions themselves [to] serve as facts to increase a sentence." He claims, also, that the sentencing findings made by the trial court "do not comport with the evidence in this case." He asserts that it was improper for the state to elevate the seriousness of the offense from a misdemeanor to a felony because of the age of the victim (gross sexual imposition becomes a third-degree felony when performed on a victim age thirteen or younger), and then for the court to cite the victim's age as one of the factors under R.C. 2929.12(B) that rendered the crimes more serious. He argues that there were, in fact, no factors to support a prison term for his crimes, and that there were also no factors to support the trial court's order that the prison terms on the first and second count be served consecutively.
 {¶ 17} We agree with the state that there is no rule of law that would preclude the age of the victim from being both an element of the offense and a sentencing factor. Although Roberts claims that this duality amounts to "double counting," the term itself is meaningless unless somehow related to the jurisprudence of double jeopardy, and Roberts provides no analysis providing such a link. We also agree with the state that the actual age of the victim (i.e., thirteen or below) is certainly a relevant consideration for the trial court to use in assessing the severity of the crime, as arguably the younger victim, the more heinous and psychologically damaging the crime.
 {¶ 18} Further, although Roberts challenges the imposition of consecutive sentences on the first and second counts, we hold that the record supports the trial court's finding that consecutive sentences were justified under the criteria set forth in R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(d). On its felony sentencing worksheet, the court indicated that consecutive sentences were necessary "to protect the public and/or punish the offender" and that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court then separately specified that it considered that Roberts's criminal history showed "a need to protect the public" and explained that his crimes demonstrated "a pattern of sexual abuse that lasted for years." Given that the offenses occurred between 1998 and 1999, and then reoccurred in 2002, we cannot clearly and convincingly say that such findings were in error.
 MOTION FOR A NEW TRIAL {¶ 19} In his fourth assignment of error, Roberts contends that the trial court erred in overruling his motion for a new trial. Specifically, he argues that documentation that he presented with the motion — two letters, one written from the victim to a friend, and the other from the victim's grandmother, characterizing her granddaughter as manipulative and untruthful — met the definition of newly discovered evidence under Crim.R. 33. We disagree.
 {¶ 20} Initially, we note that the trial court's decision to grant or deny a new trial based upon newly discovered evidence must be affirmed absent an abuse of discretion. See State v. Larkin (1996),111 Ohio App.3d 516, 523, 676 N.E.2d 906. But a trial court has no discretion to grant a new trial unless the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since trial; (3) could not in the exercise of due diligence have been discovered before trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. Statev. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus. As we held inLarkin, the question whether the new evidence meets the six criteria ofPetro, or whether it is merely cumulative or serves only to impeach or contradict former evidence, is reviewable as a question of law. Larkin,
supra, at 523, 676 N.E.2d 906.
 {¶ 21} As for the letter from the victim's grandmother, we agree with the state that this evidence failed to satisfy the requirements ofPetro, as it served only to impeach the former evidence. In many respects, the letter was similar to the evidence in Larkin, which consisted of persons questioning the veracity of the prosecuting witness but having no personal knowledge of the facts.
 {¶ 22} As for the letter of the victim to a friend, we agree with the state that this letter did not meet another requirement of Petro: that it possess a strong probability of altering the outcome in a new trial. The letter was not an admission of falsehood. According to Roberts, in the letter the victim revealed herself as having a different personality than the one the prosecution attempted to portray at trial. But this letter, written to a friend, was subject to various interpretations, and we do not consider it to be the type of revelation that would have probably brought the jury to a different conclusion.
 {¶ 23} We hold that the evidence proffered by Roberts in his motion did not satisfy the requirements of Petro and would not have entitled him to a new trial. The trial court did not, therefore, abuse its discretion in denying the motion.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 24} In his fifth assignment of error, Roberts argues that his trial attorney was unconstitutionally ineffective because of his failure to make use of the letter that the victim wrote to a friend, which, in Roberts's view, revealed a darker side to her character, one that was capable of being manipulative and deceitful, and was a far cry from the fragile creature that the state attempted to portray to the jury. Again, we disagree.
 {¶ 25} In order to demonstrate reversible error on a claim of ineffective assistance of counsel, Roberts must show not only that his attorney's performance fell below a reasonable standard, but also that his attorney's deficits were prejudicial to him, meaning that there is a reasonable probability that the jury would have otherwise acquitted him. See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; andState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 26} Initially, we note that although Roberts claims that the letter in question was in the possession of his trial counsel, he does not cite to a place in the record where this was established. And even if we assume that trial counsel had the letter in his possession, or at least was aware of it, we cannot say that either of the two prongs ofStrickland and Bradley has been met. First, we cannot say that counsel's decision to forego use of the letter to establish that the victim had a darker side was other than a valid strategy in light of the questionable success of such a gambit, and therefore we cannot even say that counsel's performance was deficient. Second, it would be pure speculation whether such a gambit would have had any appreciable effect on the jury. And we cannot say that the decision to forego its use was prejudicial. As the state points out, using the letter in an attempt to portray the victim as concealing another personality could have easily backfired, engendering greater sympathy for her.
 WEIGHT OF THE EVIDENCE {¶ 27} In his sixth and final assignment of error, Roberts challenges his convictions on the manifest weight of the evidence. He argues specifically that the victim's testimony was not worthy of belief because of the lack of any physical evidence to support it. Citing also the lack of any other witnesses to his alleged crimes, Roberts argues that the state's case was simply too weak to sustain his convictions, particularly in light of the behavior of the victim, who failed to disclose the abuse when it supposedly first occurred, and whose statements to her mother, when she first confronted her daughter about it, suggested that no such abuse had happened.
 {¶ 28} When an appellate court reviews the record on a weight-of-the-evidence challenge, the court sits as a "thirteenth juror" and may disagree with the factfinder's resolution of disputed facts.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. If, after reviewing the record and weighing the evidence and testimony, the reviewing court determines that the jury clearly lost its way and created a manifest miscarriage of justice, then a conviction should be reversed and a new trial ordered. But the power to do so is discretionary and should be exercised only "in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin
(1989), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 29} Having reviewed the record as a thirteenth juror, we cannot say that this is the exceptional case in which the weight of the evidence falls heavily on the side of an acquittal. Granted, the case devolved into a credibility determination between the testimony of Roberts and that of the alleged victim, but it is well settled that the jury is in the better position to assess the credibility of witnesses, having the opportunity to observe their demeanor. From our vantage point, examining a transcription of that testimony, we cannot say that the victim's version of events was not worthy of belief, or that Roberts's denial of the charges was so persuasive that it deserved credit from the jury. The absence of physical evidence was not dispositive. State v. Parmore
(Sept. 19, 1997), 1st Dist. No. C-960799.
 {¶ 30} In sum, we hold that the jury's verdicts were not contrary to the manifest weight of the evidence.
 CONCLUSION {¶ 31} Robert's first and third through sixth assignments of error are overruled. His second assignment of error is sustained, but only insofar as he is entitled to a modification of his sentences from four years on each count to one year on each count, with the sentences on the first and second counts to be served consecutively. His total prison term is thus modified from eight to two years. In all other respects, the judgment of the trial court is affirmed.
Judgment affirmed as modified.
Sundermann and Hendon, JJ., concur.