JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Jeffrey Sullivan pleaded no contest to, and was found guilty of, felonious assault, a felony of the second degree, in the case numbered B-0308370. Sullivan pleaded guilty to illegal conveyance of weapons/drugs onto the grounds of a detention facility or institution, a felony of the third degree, in the case numbered B-0400898. He was sentenced to four years' incarceration on the felonious-assault conviction and to a concurrent one-year term on the illegal-conveyance conviction. Sullivan has appealed the trial court's judgment in both cases, but he has not raised any assignment of error as to his illegal-conveyance conviction. Therefore, the appeal in the case numbered C-0400898 is hereby dismissed.
Sullivan's first assignment of error, alleging that he was denied the effective assistance of counsel, is overruled because the record reveals that Sullivan's counsel did not violate any of his essential duties to his client, and that there exists no reasonable probability that the outcome would have been different in the absence of counsel's alleged ineffectiveness. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
The second assignment of error alleges that the trial court erred in imposing more than the minimum sentence for felonious assault. Felonious assault is a second-degree felony, for which the sentence is two to eight years' incarceration. Sullivan was sentenced to four years' incarceration.
In State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, we stated that "a plain reading of the statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that the imposition of the minimum term is sufficient. Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)." Before imposing more than the minimum term on an offender who has not previously served a prison term, the trial court must find that the shortest term "would demean the seriousness of the offense or would not adequately protect the public from future crime." See R.C. 2929.14(B). We held in Montgomery, pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, that a defendant's Sixth Amendment rights are violated where the trial court bases the imposition of more than the minimum term upon facts not admitted by the defendant or proved beyond a reasonable doubt to a jury. "The only exception is where the findings are expressly based upon evidence of the defendant's history of prior convictions or juvenile adjudications." See State v. Weber, 1st Dist. No. C-040820, 2005-Ohio-4854, citing State v. Lowery, 160 Ohio App.3d 138,2005-Ohio-1181, 826 N.E.2d 340, and State v. Deters, 1st Dist. No. C-010645, 2005-Ohio-4049.
The trial court imposed more than the minimum sentence for the felonious assault based upon the findings that the minimum sentence would demean the seriousness of Sullivan's crime and fail to adequately protect the public. The findings were expressly based, in part, on Sullivan's prior history of convictions and juvenile adjudications. Sullivan's criminal record included adult convictions for criminal trespass, drug abuse and resisting arrest. His numerous juvenile adjudications included assault, felonious assault on a police officer, menacing, criminal trespass, drug abuse and drug trafficking. In light of Sullivan's criminal history, we cannot find clearly and convincingly that the record does not support the trial court's findings or that the findings are contrary to law. We hold that the trial court did not err in imposing more than the minimum sentence on Sullivan even though he had not previously served a prison term. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.