JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Bobby Mansfield pleaded guilty to two counts of nonsupport of dependents, in violation of R.C. 2919.21(B), felonies of the fifth degree. The trial court imposed three years of community control and fifty hours of community service. As a condition of his community control, Mansfield was ordered to maintain employment and to make regular child-support payments.
Mansfield failed to pay child support as ordered. He also failed to complete his community-service hours. The trial court found Mansfield guilty of violating the terms of his community control and sentenced him to two concurrent terms of nine months' incarceration.
The sole assignment of error alleges that the trial court erred in imposing more than the minimum sentence on Mansfield. The minimum sentence for each nonsupport count was six months' incarceration. The trial court sentenced Mansfield to nine months' incarceration on each count.
In State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, we stated that "a plain reading of the statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that the imposition of the minimum term is sufficient. Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)." Before imposing more than the minimum term on an offender who has not previously served a prison term, the trial court must find that the shortest term "would demean the seriousness of the offense or would not adequately protect the public from future crime." See R.C. 2929.14(B). We held in Montgomery, pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, that a defendant's Sixth Amendment rights are violated where the trial court bases the imposition of more than the minimum term upon facts not admitted by the defendant or proved beyond a reasonable doubt to a jury. "The only exception is where the findings are expressly based upon evidence of the defendant's history of prior convictions or juvenile adjudications." See State v. Weber, 1st Dist. No. C-040820, 2005-Ohio-4854, citing State v. Lowery, 160 Ohio App.3d 138,2005-Ohio-1181, 826 N.E.2d 340, and State v. Deters, 1st Dist. No. C-010645, 2005-Ohio-4049.
The trial court imposed more than the minimum sentence upon Mansfield for each of the nonsupport convictions based upon the findings that minimum sentences would demean the seriousness of Mansfield's crimes and fail to adequately protect the public. Neither of the findings was based upon a history of prior convictions or juvenile adjudications. Mansfield's record consisted of traffic offenses and citations for failing to register dogs. Therefore, the trial court's findings were unconstitutional pursuant to Montgomery.
If a sentencing scheme is found to be unconstitutional under Blakely,
the court should "apply the pertinent statutes without any enhancement provision found to be unconstitutional." See State ex rel. Mason v.Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644. Because Mansfield's sentence is contrary to law, we are authorized to modify it. See State v. Lowery, supra; State v. Bruce, 159 Ohio App.3d 562,2005-Ohio-373, 824 N.E.2d 609.
The two counts of nonsupport of dependents were felonies of the fifth degree, for which the minimum sentences are six months' incarceration. Mansfield's sentence on each nonsupport count is hereby modified to six months' incarceration from the nine months' incarceration imposed by the trial court. The assignment of error is sustained.
Therefore, the judgment of the trial court is affirmed as modified with respect to the sentence.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.