DECISION.
{¶ 1} The defendant-appellant, Floyd Mozena, appeals his four-year sentence for gross sexual imposition and the trial court's judgment adjudicating him a sexual predator. In his two assignments of error, Mozena contends that (1) the trial court should have imposed only the minimum prison term for his conviction on two counts of gross sexual imposition, and (2) the trial court's judgment that he is a sexual predator was against the manifest weight of the evidence.
 {¶ 2} We deem the state's February 17, 2006, motion for a stay of our first decision in this case, State v. Mozena, 1st Dist. No. C-050208, 2006-Ohio-717, to be a motion to reconsider our decision in light of the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___. We have granted the motion, have reconsidered our decision and again sustain the first assignment of error and overrule the second.
 {¶ 3} Mozena entered a no-contest plea to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), third-degree felonies. On the first count, he admitted touching the vaginal area of an eleven-year-old child on June 2, 2004. On the second count, he admitted touching the breast of a different eleven-year-old child on June 19, 2004. It is undisputed that Mozena had no previous criminal record. Before sentencing Mozena to concurrent four-year prison terms, the trial court held a sexual-offender classification hearing and found that Mozena was a sexual predator.
 {¶ 4} In his first assignment of error, Mozena argues that because he had not previously served a prison term, R.C.2929.14(B) precluded the trial court from imposing more than the shortest prison term for his gross-sexual-imposition convictions. See State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250.
 {¶ 5} In State v. Foster at ¶ 53, the Ohio Supreme Court agreed that "[c]ertain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in Blakely." The supreme court also found R.C. 2929.14(B) unconstitutional, but, unlike in State v.Montgomery, it "severed and excised" the tainted provision in its entirety from the felony sentencing scheme. Id. at paragraphs one, two, and seven of the syllabus, and at ¶ 97. As R.C.2929.14(B) has been excised, Mozena cannot demonstrate that his sentence, in excess of the minimum statutory range, is contrary to law. See id.; see, also, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ___ N.E.2d ___, paragraph three of the syllabus.
 {¶ 6} But the sentence was based on unconstitutional statutes, under the mandate of State v. Foster, we have no recourse but to sustain the first assignment of error, vacate the sentence, and remand the case for resentencing. See id. at ¶ 103 and 104.
 {¶ 7} In his second assignment of error, Mozena argues that the trial court erred in classifying him as a sexual predator based on its finding that he is a pedophile. Mozena contends that the trial court erroneously interpreted the findings of the clinical psychologists when it concluded that "[t]he clinical findings show by clear and convincing evidence that the defendant, if one had to place a medical term, that is, that he is a sexual pedophile. * * * [T]he reports of Dr. Bassman and Dr. Baker do suggest that the defendant does have an illness, a sickness, a disease, being pedophilia. It is more likely than not based on those clinical analyses that, at least from the Court, that he will more likely than not repeat this activity."
 {¶ 8} Mozena is correct. Dr. Bassman's report actually states, "The possibility of pedophilia should be explored within the context of psychotherapy." The trial court was not capable of reaching a medical conclusion that Mozena is a pedophile absent evidence from the clinic reports or other medical diagnosis based upon the opinion of an expert. See State v. Griswold (Mar. 20, 1987), 6th Dist. No. L-85-333 (permitting the use of "pedophile" as a descriptive term but not as a medical diagnosis). Here, the record reflects only that psychological experts recommended further evaluation.
 {¶ 9} But the trial court's erroneous finding that Mozena is a pedophile is not reversible error because the trial court appropriately assessed independently the actual evidence in light of each factor in R.C. 2950.09(B)(2). The factors of R.C.2950.09(B)(2) provide the framework to guide the trial court in its determination of whether an offender who has committed one or more sexually-oriented offenses is a sexual predator. See Statev. Eppinger, 91 Ohio St.3d 158, 163-165, 2001-Ohio-247,743 N.E.2d 881.
 {¶ 10} In classifying Mozena a sexual predator, the trial court found (1) the two victims were eleven years old at the time of the crimes; (2) Mozena was fifty-nine years old; and (3) the offenses involved separate victims and were committed on separate dates. Under the additional behavior characteristics that contribute to an offender's conduct found in R.C.2950.09(B)(2)(j), the trial court found that Mozena (1) breached his position of trust in relationship to the victims and their parents; (2) attempted to buy his victims' silence with ice cream and money; and (3) was purposely deceptive when interviewed by Dr. Bassman and Dr. Baker. It also found that the medical evidence suggested that Mozena's chance of recovery was guarded.
 {¶ 11} After reviewing the transcript of the classification hearing and the exhibits, we conclude that the trial court had more than ample evidence before it to produce a firm belief that Mozena was "likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also,State v. Eppinger, 91 Ohio St.3d at 162, 2001-Ohio-247,743 N.E.2d 881. Accordingly, there was clear and convincing evidence to support the trial court's finding that Mozena is a sexual predator. See R.C. 2950.01(E) and 2950.09(B)(3); see, also,State v. Eppinger, 91 Ohio St.3d at 163, 2001-Ohio-247,743 N.E.2d 881; State v. Lewis (Dec. 21, 2001), 1st Dist. No. C0-10274. The second assignment of error is overruled.
 {¶ 12} Therefore, the sentence of the trial court is vacated, and we remand the case for resentencing. The trial court's judgment classifying Mozena as a sexual predator is affirmed.
Judgment accordingly.
Gorman, P.J., Painter and Hendon, JJ.