DECISION.
{¶ 1} Defendant-appellant Darrin Stafford challenges the trial court's sentence of 19 years for aggravated vehicular homicide and three counts of vehicular assault. Stafford argues that his sentence was unconstitutional because the trial court made inappropriate findings to raise his sentence above the statutory minimum and to impose consecutive sentences.
 {¶ 2} In light of the Ohio Supreme Court's decision in Statev. Foster,[1] we must vacate the sentence and remand for resentencing. Trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or to give their reasons for imposing consecutive or more than the minimum sentences.
 I. A Tragic Accident {¶ 3} This is the second time Stafford has appeared before this court. A full discourse of the facts appears in our decision in State v. Stafford.[2] But for the purposes of this appeal, an abridged version is provided.
 {¶ 4} In November 2001, Stafford and Frederick Shipman, a co-worker and friend, decided to attend a Cincinnati Bengals football game. The two left Evansville, Indiana, and got into Shipman's Kia Sportage, and Shipman started driving to Cincinnati the morning of the game.
 {¶ 5} Stafford is a paraplegic who cannot voluntarily move his legs. He was licensed to drive, but only if the vehicle was equipped with special adaptations such as hand controls for the accelerator and the brake. But Stafford's driver's license had been suspended under Indiana law earlier that year because he had failed to appear in court for a traffic violation.
 {¶ 6} On the road near Louisville, Kentucky, Shipman was having trouble driving because he had been drinking heavily the night before. So Stafford and Shipman switched places, and Stafford continued to drive to Cincinnati. He drove along Interstate 71 and Interstate 75, over the Brent Spence Bridge, and exited at Second Street in downtown Cincinnati.
 {¶ 7} As the Kia approached an intersection on Second Street, the vehicle went through a red light. Unfortunately, there were many pedestrians crossing the street who were also headed to the Bengals game. The Kia struck Scott Asbrock, Stewart Williams, Kyle Fields, and Officer Jon Harris. Asbrock died as a result of his injuries. Williams was knocked unconscious, but was revived and taken to the hospital. He suffered multiple skull fractures and brain trauma, and was in a coma for several months before finally regaining consciousness. Williams has had to undergo extensive rehabilitation. Fields suffered a broken leg, along with various cuts and bruises. The Kia clipped Officer Harris, who was assisting pedestrians across the street, and injured his wrist. Other pedestrians may have sustained minor injuries, but none of those injuries led to criminal charges.
 {¶ 8} Stafford was arrested and later charged with one count of aggravated vehicular homicide and three counts of vehicular assault. At trial, Stafford argued that he was not driving the Kia at the time of the accident. Instead, he said that Shipman had been driving at the time of the accident. Stafford claimed (and still claims) that Shipman forced him to switch places after the accident but before Officer Harris arrived at the vehicle.
 {¶ 9} The jury did not believe Stafford's story and found him guilty of all four counts. The trial court originally sentenced him to 20 years' imprisonment. In his first appeal before this court, we affirmed Stafford's findings of guilt, yet vacated his sentence because we were convinced that his due-process rights had been violated when the trial court threatened Stafford to take a plea bargain or to risk being sentenced to nine extra years in prison.
 {¶ 10} On remand, Stafford was sentenced by a different judge to a total of 19 years in prison — seven years for the homicide and four years for each assault, with each term to run consecutively.
 II. Sentencing {¶ 11} In Stafford's first assignment of error, he argues that the court's sentence of 19 years violated his due-process rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Sections Five and Sixteen, Article I, of the Ohio Constitution. Stafford relies on the United States Supreme Court's holding in Blakely v.Washington[3] and our opinion in State v.Montgomery.[4] In particular, Stafford maintains that the court's findings in this case were impermissible and involved facts that should have been submitted to the jury and proved beyond a reasonable doubt. The thrust of Stafford's argument is that because he had not been convicted of a felony or served a prior prison term, the maximum statutory prison term was the shortest prison term for the charged offenses — two years for the aggravated vehicular homicide, and one year for each vehicular assault resulting in severe injuries.
 {¶ 12} The Supreme Court in Apprendi v. New Jersey[5]
held that the right to a jury trial requires that the state submit to a jury and prove beyond a reasonable doubt any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the "prescribed statutory maximum."[6] The Court in Blakely reaffirmed the holding of Apprendi and defined the "statutory maximum" not as the longest term the defendant can receive under any circumstances, but as "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[7] This definition was reiterated and clarified by the Court in United States v. Booker.[8]
 {¶ 13} In the present case, the trial court found that the minimum sentence would demean the seriousness of the crimes and would not adequately protect the public under R.C. 2929.14(B). The trial court also found that Stafford's prior convictions for reckless driving, public intoxication, disorderly conduct, and license suspensions would likely lead to recidivism under R.C.2929.12(D). These findings led the trial court to impose a sentence above the minimum.
 {¶ 14} While this appeal was pending, the Ohio Supreme Court ruled in State v. Foster that R.C. 2929.14(B) is unconstitutional because it permits a trial court to impose more than the minimum sentence only after the court has made findings of facts not proved to a jury beyond a reasonable doubt or admitted by the defendant.[9]
 {¶ 15} The Ohio Supreme Court's remedy was to sever R.C.2929.14(B) as unconstitutional and to keep the remaining unaffected provisions of the sentencing statutes. Though this was comparable to severing the head and leaving the body, it is now Ohio law.
 {¶ 16} After the severance of R.C. 2929.14(B), the court held that "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based on a jury verdict or admission of the defendant."[10]
Accordingly, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to provide reasons for imposing a term greater than the minimum sentence.[11]
 {¶ 17} In this case, the trial court imposed a sentence greater than the minimum because of findings based on an unconstitutional statute. Therefore, we must sustain the assignment of error, vacate the sentence, and remand the case for resentencing in light of Foster. Though the sentence was within the statutory range, and we fail to see any rationale for sending the case back for resentencing, that is what the Ohio Supreme Court has instructed us to do.
 III. Consecutive Sentences {¶ 18} Stafford's second assignment of error maintains that the trial court's sentence violated Stafford's rights to a jury trial and due process as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution, and Sections Five and Sixteen, Article I, of the Ohio Constitution, because it included consecutive sentences based on factual determinations not made by a jury or proved beyond a reasonable doubt. Stafford's argument theorizes that Blakely principles would not allow additional findings to increase a prison term without those facts being found beyond a reasonable doubt and submitted to a jury. Stafford thus believes that the court's judicial factfinding under R.C. 2929.14(E)(4) to impose a consecutive sentence is unconstitutional.
 {¶ 19} In this case, the trial court imposed consecutive sentences after making findings under R.C. 2929.14(E)(4) that Stafford's crimes reflected a total disregard for the safety of the public. The court determined that consecutive terms were necessary to protect the public and further found that the physical harm suffered by the victims was so great that a single prison term would be inadequate.
 {¶ 20} In Foster, the Ohio Supreme Court further noted that "R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require trial courts that impose consecutive sentences to make the statutorily enumerated findings and to give reasons at the sentencing hearing to support those findings for review on appeal."[12] But because the "total punishment increases through consecutive sentences only after judicial findings beyond those determined by the jury or stipulated to by the defendant, R.C. 2929.14(E)(4) violates principles announced in Blakely"[13] and is therefore unconstitutional.
 {¶ 21} Again, the court's remedy was to sever R.C.2929.14(E)(4) as unconstitutional and to keep the remaining unaffected provisions of the sentencing statutes. After the severance, judicial factfinding is not required before a trial court can impose consecutive prison terms.
 {¶ 22} Accordingly, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to provide reasons for imposing a sentence involving consecutive prison terms.[14]
 {¶ 23} In this case, the trial court imposed a sentence of consecutive prison terms for the vehicular manslaughter and vehicular assault convictions because of findings based on an unconstitutional statute. Again, we must sustain the assignment of error, vacate the sentence, and remand the case for resentencing in light of Foster.
 IV. License Suspensions {¶ 24} In Stafford's third assignment of error, he claims that the trial court erred by permitting his Indiana license suspension to apply under an Ohio law that requires mandatory prison time when a defendant's license is suspended.[15]
Stafford argues that his Indiana license suspension should not have increased the penalties for his crimes because such enhancement could only have occurred if he was suspended under an Ohio law.
 {¶ 25} As we had stated in our previous decision in State v.Stafford, he is mistaken. We have not changed our minds about our previous ruling. Under the applicable law at the time of the accident, "when a penalty or suspension is enhanced because of a prior or current violation of a specified law or a prior or current specified offense, the reference to the violation of the specified law or the specified offense includes any violation of any substantially equivalent municipal ordinance, former law of this state, or current or former law of another state or the United States."[16] So for the purposes of both aggravated vehicular homicide and vehicular assault, an out-of-state suspension effectively enhanced the penalties. Thus, Stafford's third assignment of error is overruled.
 V. Disproportional Sentences {¶ 26} In his fourth assignment of error, Stafford argues that his severe sentence was disproportionate to his co-defendant's sentence of two years, as well as grossly disproportionate to the 22 similar offenses he submitted in a sentencing memorandum at the first trial. But in light of our decision to vacate Stafford's sentence due to the Ohio Supreme Court's decision in Foster and to remand for resentencing, this issue is moot.
 VI. Harsher Sentences {¶ 27} In his fifth and final assignment of error, Stafford argues that his sentence of 19 years was greater than the trial court's plea offer of 11 years and created a presumption of vindictiveness. In the first appeal before us, we vacated the sentence and remanded because the trial court had improperly impinged upon Stafford's right to a jury trial.
 {¶ 28} At the first trial, the court engaged in plea bargaining with Stafford. On the record, the court threatened Stafford — plead guilty and get 11 years or go to trial and probably get 23 years. We held that this threat was grossly improper and demonstrated a reasonable likelihood that the trial court punished Stafford with nine extra years in prison for asserting his right to a jury trial.[17]
 {¶ 29} On remand, a new judge sentenced Stafford to 19 years in prison — seven years for the homicide and four years for each assault, with each term to run consecutively. Although we are remanding for a new sentencing hearing consistent with Foster,
we feel obliged to comment briefly on Stafford's position that any sentence above 11 years would create an appearance and presumption of vindictiveness.
 {¶ 30} The United States Supreme Court has held that a trial court violates the Due Process Clause of the Fourteenth Amendment when it imposes a harsher sentence motivated by vindictive retaliation.[18] A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal.[19] That presumption does not apply when the resentencing judge is not the original sentencing judge.[20]
 {¶ 31} Despite no presumption of vindictiveness in this case, the resentencing judge went to extensive lengths to justify Stafford's sentence of 19 years, thoroughly examining the record to provide rationale for imposing a non-minimum, consecutive sentence.
 {¶ 32} Although we now vacate the sentence in light of the Ohio Supreme Court's decision in Foster, and this assignment of error is moot, we feel compelled to reiterate that there is no presumption of vindictiveness when a resentencing judge is not the original sentencing judge.
 VII. Conclusion {¶ 33} Stafford's assignments of error in regard to his sentence are sustained. The sentence is thus vacated and the cause is remanded for resentencing in light of Foster.
Sentence vacated and cause remanded for resentencing.
Doan, P.J., and Gorman, J., concur.
[1] See State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___.
[2] See State v. Stafford, 158 Ohio App.3d 509,2004-Ohio-3893, 817 N.E.2d 411.
[3] See Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
[4] See State v. Montgomery, 159 Ohio App.3d 752,2005-Ohio-1018, 825 N.E.2d 250.
[5] See Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348.
[6] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[7] Blakely, 542 U.S. at 302, 124 S.Ct. 2531.
[8] See United States v. Booker (2005), 543 U.S. 220, 244,125 S.Ct. 738.
[9] See State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___, at ¶ 61.
[10] Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___, at ¶ 99.
[11] Id. at ¶ 100.
[12] Id. at ¶ 66, citing State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
[13] Id. at ¶ 67.
[14] Id. at ¶ 100.
[15] Former R.C. 2903.06(C)(2) and 2903.08(C)(2).
[16] See Stafford, 158 Ohio App.3d 509, 2004-Ohio-3893,817 N.E.2d 411, at ¶ 32, citing former R.C. 2903.06(D)(2) and2903.08(E).
[17] See Stafford, 158 Ohio App.3d 509, 2004-Ohio-3893,817 N.E.2d 411, at ¶ 25.
[18] See North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072.
[19] Id. at 724.
[20] See State v. Gonzales, 151 Ohio App.3d 160,2002-Ohio-4937, 783 N.E.2d 903, at ¶ 25. See, also, Lodi v.McMasters (1986), 31 Ohio App.3d 275, 511 N.E.2d 123.