DECISION. *Page 2 
{¶ 1} Demetrius Moore was drunk and high when he drove his car into another car, killing one person and seriously injuring two others. Moore pleaded no contest, and the trial court found him guilty of six charges. He was sentenced for all six charges. He now appeals his sentence. Although we reduce the number of his convictions, Moore's sentence length remains the same.
 I. The Wreck and Assignments of Error {¶ 2} Alexander Otani was driving a car with two passengers, Katie Reinaker and Denver Faulk. Otani was initially parked at a curb. It is disputed whether he performed a U-turn. Regardless, he moved his car from the parking spot into the street.
 {¶ 3} Moore was traveling at over 70 m.p.h. in this residential area. He attempted to stop, but he was going too fast. He slammed into Otani's car, killing Otani and seriously injuring Reinaker and Faulk.
 {¶ 4} Moore was found guilty of and sentenced for two counts of aggravated vehicular homicide, [1] two counts of aggravated vehicular assault, [2] and two counts of vehicular assault.[3] He was sentenced to a total of 17 years in prison.
 {¶ 5} On appeal, Moore asserts three assignments of error. Moore argues that the trial court erred by (1) imposing a disproportionate sentence; (2) failing to consider statutory mitigating circumstances; and (3) entering convictions for allied offenses of similar import. *Page 3 
 II. Allied Offenses of Similar Import {¶ 6} Moore killed one victim. But he was sentenced for two counts of aggravated vehicular homicide. Likewise, he injured two victims, but was sentenced for two counts of aggravated vehicular assault and two counts of vehicular assault.
 {¶ 7} In State v. Hundley, [4] we held that aggravated vehicular homicide under R.C. 2903.06(A)(1) and aggravated vehicular homicide under R.C. 2903.06(A)(2) were not allied offenses of similar import. We now overrule State v. Hundley.
 {¶ 8} In State v. Cabrales, [5] the Ohio Supreme Court criticized various appellate court decisions that had failed to use a common sense approach to allied offenses of similar import. And in State v.Smith, [6] this court determined that, based on Cabrales, when there is only one victim and one act, a defendant may not be convicted and sentenced for two felonious-assault offenses.
 {¶ 9} Here, Moore was charged with two aggravated-vehicular-homicide offenses when he had killed only one victim. Following our decision inSmith and the supreme court's decision in Cabrales, we hold that when a defendant commits one act and kills one person, that defendant may be convicted and sentenced for only one aggravated vehicular homicide.
 {¶ 10} Although Moore was sentenced to concurrent terms for the two aggravated-vehicular-homicide charges, it was prejudicial plain error to impose two sentences on Moore because his criminal record would reflect two convictions when he had committed only one criminal act.[7]
 {¶ 11} Likewise, for Reinaker and Faulk, Moore was charged with both aggravated vehicular assault and vehicular assault. Because Moore committed only one act against each victim, the trial court erroneously sentenced Moore for both vehicular *Page 4 
assault and aggravated vehicular assault for each victim. Moore may only be sentenced once for either vehicular assault or aggravated vehicular assault for each victim.
 {¶ 12} The trial court, perhaps anticipating Cabrales, made the multiple sentences concurrent in all three instances. We simply enter the judgment the trial court should have entered. Moore accordingly stands convicted and sentenced for one count of aggravated vehicular homicide, one count of aggravated vehicular assault involving Reinaker, and one count of aggravated vehicular assault involving Faulk. But Moore's sentence remains 17 years.
 III. The Sentences {¶ 13} Moore argues that his sentences were not proportionate to sentences imposed on others for the same offenses and that the court did not consider mitigating circumstances.
 {¶ 14} Moore's sentences are presumptively valid, and he bears the burden of showing that the court failed to consider the statutory factors. After the supreme court's decision in State v.Foster, [8] a trial court has the discretion to impose any sentence within the statutory range. Moore's sentences are within the statutory range, and he has not shown that the trial court did not consider the statutory factors.
 {¶ 15} Finally, Moore's sentences were not disproportionate. They were within the statutory range. And his sentences were comparable to the sentences of other defendants convicted of similar offenses.[9] The trial court's judgment is therefore affirmed subject to the modification set forth in section II of this decision.
Judgment affirmed as modified.
HILDEBRANDT, P. J., and CUNNINGHAM, J., concur.
[1] RC. 2903.06(A)(1) and 2903.06(A)(2).
[2] R.C. 2903.08(A)(1).
[3] R.C. 2903.08(A)(2).
[4] 1st Dist. No. C-060374, 2007-Ohio-3556, at ¶ 12.
[5] 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶¶ 16-20.
[6] 1st Dist. No. C-070216, 2008-Ohio-2469, at ¶ 40.
[7] State v. Fields (1994), 97 Ohio App.3d 337, 347-348,646 N.E.2d 866, quoting State v. Burl (Dec. 16, 1992), 1st Dist. Nos. C-920167 and C-920194.
[8] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[9] See, e.g., State v. Weir, 1st Dist. No. C-050236, 2006-Ohio-4127;State v. Stafford, 1st Dist. No. C-050286, 2006-Ohio-1105; State v.King, 1st Dist. No. C-010778, 2003-Ohio-1541. *Page 1