[Cite as *State v. Green*, 2013-Ohio-1508.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120269 |
| | | C-120270 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1000217 |
| | | B-1003635 |
| vs. | : | |
| WOODY GREEN, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  April 17, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David Hoffmann,* Office of the Hamilton County Public Defender, for Defendant-Appellant.

Please note:  these consolidated cases have been removed from the accelerated calendar.

CUNNINGHAM, **Judge.**

{¶1}     Defendant-appellant Woody Green pleaded guilty to one count each of aggravated burglary, felonious assault, and rape in the case numbered B-1000217. He also pleaded guilty to an additional count of rape and to three counts of gross sexual imposition in the case numbered B-1003635.  Each offense was committed before September 30, 2011.  After accepting Green's pleas, on March 28, 2012, the trial court imposed an aggregate prison term of 33 and one-half years, which included consecutive prison terms. Because the trial court failed to make the sentencing findings necessary to impose consecutive sentences, and imposed three of the sentences in durations greater than that provided by law, we vacate the sentences and remand these cases for resentencing.

{¶2}     In the case numbered B-1000217, the court imposed an 11-year prison term for the rape offense, an 11-year term for the aggravated-burglary offense, and an eight-year term for the felonious-assault offense.  These sentences were to be served concurrently for an aggregate prison term of 11 years.  But the trial court ordered the sentences to be served consecutively to the sentences imposed in the case numbered B-1003635.  We note that the trial court's May 3, 2012, nunc pro tunc sentencing entry erroneously indicated that Green had pleaded guilty to aggravated robbery instead of aggravated burglary.  It is clear from the record that at all times below Green was aware that the indictment alleged a violation of R.C. 2911.11(A)(1), proscribing aggravated burglary.

{¶3}     In the case numbered B-1003635, the court ordered an 11-year prison term for another rape offense, a five-year term for each of two gross-sexual-imposition offenses, and an 18-month sentence for the remaining gross-sexual-imposition offense.   The trial court ordered these prison terms to be served consecutively to one another and consecutively to the 11-year prison term in the case numbered B-1000217.  The aggregate prison term imposed was 33 and one-half years.

{¶4}    Green's first assignment of error, in which he contends that the trial court erred by imposing consecutive prison terms without making the requisite statutory findings, is sustained.

{¶5}    A sentencing court must engage in a three-step analysis and make certain findings before imposing consecutive sentences under R.C. 2929.14(C)(4). *See State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio- 3349, ¶ 13 and 16.  The court must find that consecutive sentences are necessary to protect the public or to punish the offender.  The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must find that at least one of the following applies: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.  *See Alexander* at ¶ 15.

{¶6}    Consecutive sentences imposed without the statutory findings are clearly and convincingly contrary to law and must be vacated.  *See State v. Cowins*, 1st Dist. No. C-120191, 2013-Ohio-277, ¶ 36; *see also State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14.

{¶7}    As the state conceded at oral argument in this court, it is clear that the trial court did not comply with R.C. 2929.14(C)(4).  Although the trial court imposed consecutive sentences, it failed to make the statutory findings either in a sentencing-findings worksheet or in its sentencing colloquy.  At the sentencing hearing, after

making general statements about Green's misdeeds, the trial court merely recited Green's convictions and the sentence for each offense. Those portions of the trial court's judgments imposing consecutive sentences must be vacated.

{¶8} At oral argument in this court, Green raised, for the first time, the issue of whether a trial court's consecutive-sentence findings must be announced orally at the sentencing hearing to comply with R.C. 2929.14. *But see Alexander* at ¶ 17 ("we have long approved the use of a sentencing-findings worksheet to document that the trial court has made the required findings"). We reiterate that in these cases the trial court made no findings at all.

{¶9} On appeal, we consider only those issues necessary to resolve the assignments of error properly raised and supported. *See* App.R. 12(A)(1)(b). Here, Green's first assignment of error raised only the issue of whether the consecutive sentences actually imposed were contrary to law. We have answered that assignment of error on its merits by reference to the record provided and to the settled law in this jurisdiction. *See* App.R. 12(A)(1)(b); *see also Cowins* at ¶ 36. To address Green's new argument would amount to an inappropriate rendering of an advisory opinion. As an intermediate appellate court, we are constrained to review the judgments actually issued by the trial court and not hold forth on scenarios raised only by the parties. *See* Ohio Constitution, Article IV, Section 3(B)(2).

{¶10} In his second assignment of error, Green argues that the trial court erred in imposing 11-year prison terms for the aggravated-burglary and rape offenses charged in the case numbered B-1000217, and the rape offense charged in the case numbered B-1003635—all charged as first-degree felony offenses—even though Green had committed each offense before the effective date of 2011 Am.Sub.H.B. 86 ("H.B. 86"). We agree.

{¶11} The maximum prison term for a first-degree felony offense committed before the September 30, 2011, effective date of H.B 86 was 10 years. For offenses

4

committed after that date, the General Assembly raised the maximum term to 11 years. *See* H.B. 86, Section 4; *see also State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 14.

{¶12} Since Green committed each of these offenses before the H.B. 86 effective date, the state concedes that the trial court was authorized to impose no more than a 10-year sentence for each first-degree felony offense—the maximum penalty in effect prior to H.B. 86. *See* R.C. 1.58(A)(3); *see also State v. Colgrove*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964) ("[a] court has no power to substitute a different sentence for that provided for by statute or [to impose a sentence] that is either greater or lesser than that provided by law"). The second assignment of error is sustained.

{¶13} Having sustained both assignments of error, we vacate those parts of the trial court's judgments that ordered the several sentences to be served consecutively. We also vacate the 11-year prison terms imposed for the aggravated-burglary and rape offenses in the case numbered B-1000217, and for the rape offense in the case numbered B-1003635.

{¶14} The cases are remanded to the trial court for it to resentence Green for the aggravated-burglary and rape offenses. The maximum prison term for each individual offense shall not exceed 10 years. The trial court shall also consider whether consecutive sentences are appropriate under R.C. 2929.14(C), and, if so, it shall make the proper findings in the record. In all other respects we affirm the trial court's judgments including the findings of guilt, and the individual prison terms imposed for the felonious-assault and gross-sexual-imposition offenses.

Judgment accordingly.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.