[Cite as *State v. Roebuck*, 2014-Ohio-1708.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130350 |
| | | TRIAL NO. B-1206599 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DAVION ROEBUCK, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and
                                               Cause Remanded

Date of Judgment Entry on Appeal:  April 23, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}    Defendant-appellant Davion Roebuck pleaded guilty to three counts of aggravated robbery with gun specifications and one count of having a weapon while under a disability.   He was sentenced to four years in prison on each aggravated-robbery count and to three years in prison for the disability charge.  The gun specifications added an additional three-year term to each aggravated-robbery count.   The trial court ordered Roebuck to serve the aggravated-robbery terms consecutively to one another, and the disability term concurrent to the first aggravated-robbery count.   In addition, the trial court ordered him to serve his prison term in this case consecutively to the prison term he received in another case.

{¶2}    In one assignment of error, Roebuck claims that the trial court erred when it ordered him to serve consecutive prison terms without make the statutory findings to support that determination.   The state concedes error on this point, and we agree.

{¶3}    R.C. 2929.14(C)(4) requires that a trial court engage in a three-step analysis in order to impose consecutive sentences.   *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 15.

> First, the trial court must "find" that consecutive sentencing is necessary to protect the public from future crime or to punish the offender.  Next, the trial court must "find" that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  Finally, the trial court must "find" that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16,

2

R.C. 2929.17, or R.C. 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* The court is not required to use "talismanic words" to comply with the statutory-findings requirement; the court satisfies the requirements when the record reflects that the court engaged in the required analysis and has considered the appropriate statutory criteria. When a trial court fails to make the required findings, the sentence imposed is contrary to law and must be vacated. *Id.* at ¶ 16; *State v. Green*, 1st Dist. Hamilton Nos. C-120269 and C-120270, 2013-Ohio-1508, ¶ 6.

{¶4} In this case, the trial court ordered that Roebuck serve consecutive prison terms without making the necessary findings to support that order. Therefore, we vacate the parts of the trial court's judgment that ordered the sentences to be served consecutively, and we remand this cause to the trial court for a hearing to consider whether consecutive sentences are appropriate under the factors outlined in R.C. 2929.14(C)(4). The trial court's judgment is affirmed in all other aspects.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**FISCHER,** and **DEWINE, JJ.**, concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.

3