[Cite as *State v. Gerth*, 2014-Ohio-4569.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120392 |
|  |  | TRIAL NO. B-1101792 |
| Plaintiff-Appellee, | : |  |
| vs. | : | *O P I N I O N.* |
| MARK GERTH, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 17, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Mark Gerth brings a second appeal of the judgment of the Hamilton County Court of Common Pleas convicting him of two counts of murder, one count of aggravated vehicular assault, one count of failing to comply with an order of a police officer, two counts of failing to stop after an accident, and one count of receiving stolen property.

{¶2}     Gerth was convicted of the offenses after a jury trial.  The trial court ordered the sentences for each of the convictions to be served consecutively, for an aggregate prison term of 48 and one-half years to life.

{¶3}     Gerth appealed the convictions, and this court affirmed the judgment of the trial court in *State v. Gerth,* 1st Dist. Hamilton No. C-120392, 2013-Ohio-1751.  Gerth then filed a motion, under App.R. 26(B), to reopen his direct appeal on the basis that he had been denied the effective assistance of appellate counsel.

{¶4}     This court granted Gerth's motion, finding that there was a genuine issue as to whether appellate counsel had been ineffective for failing to argue that the two counts of failing to stop after an accident were allied offenses of similar import. Accordingly, we appointed new appellate counsel and ordered that counsel brief the issue of allied offenses and any other nonfrivolous assignments of error not previously considered.

{¶5}     A complete statement of the facts in this case is set forth in our previous opinion. *See Gerth, supra.*  Briefly, Gerth was driving a stolen car while intoxicated.  He crashed into a taxicab and then fled.  The crash resulted in the deaths of both of the taxi's occupants, and in severe injury to Gerth's passenger, Donald Evans.

### Allied Offenses of Similar Import

{¶6} In his first assignment of error, Gerth contends that previous appellate counsel was ineffective in failing to assert that the two counts of failing to stop after an accident under R.C. 4549.02 were allied offenses.

{¶7} In a reopened appeal under App.R. 26, our inquiry is whether "the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency." App.R. 26(B)(9); *see State v. Haynes,* 1st Dist. Hamilton No. C-960794, 1999 Ohio App. LEXIS 809 (Mar. 5, 1999).

{¶8} In this case, we agree that appellate counsel was deficient. Under R.C. 2941.25, a defendant may be sentenced for only one of multiple counts of failing to stop after an accident even where there are multiple victims in a single collision, as "[t]he unit of prosecution [under R.C. 4549.02] is not the number of victims, but the number of collisions." *State v. Hundley,* 1st Dist. Hamilton No. C-060374, 2007-Ohio-3556, ¶ 15, *overruled on other grounds, State v. Moore,* 1st Dist. Hamilton No. C-070421, 2008-Ohio-4116. Our holding in *Hundley* was unaffected by the Ohio Supreme Court's adoption of a conduct-based test for determining allied offenses in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *See State v. Temaj-Felix,* 1st Dist. Hamilton No. C-120040, 2013-Ohio-4463, ¶ 10.

{¶9} Here, it was undisputed that the two counts of failing to stop related to the same collision, and the state concedes that the trial court erred in imposing multiple sentences for the offenses. Accordingly, we sustain the first assignment of error.

### Consecutive Sentences

{¶10} In his second assignment of error, Gerth argues that appellate counsel was ineffective for failing to assign as error the trial court's failure to make the requisite statutory findings for imposing consecutive sentences.

3

{¶11}    Under R.C. 2929.14(C)(4), the court must first find that consecutive sentences are necessary to protect the public or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must find that at least one of the following applies: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a community-control sanction, or on postrelease control; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the offenses was so great or unusual that no single prison term would adequately reflect the seriousness of  the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.  *See State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 15.

{¶12}    Here, we agree with Gerth that previous appellate counsel was ineffective.  At the sentencing hearing, the trial court made numerous comments about Gerth's abysmal criminal record, his lack of remorse, and other aggravating factors.  But the court did not make any findings under R.C. 2929.14.  We acknowledge that a "talismanic" recitation of the statutory findings is not required. *See State v. Roebuck,* 1st Dist. Hamilton No. C-130350, 2014-Ohio-1708, ¶ 3. Nonetheless, the comments in the instant case cannot be construed as sufficient.

{¶13}    Moreover, during the pendency of this appeal, the Supreme Court of Ohio held that a trial court must not only make the statutory findings at the sentencing hearing, but must also incorporate those findings into its sentencing entry.  *State v. Bonnell,* ___Ohio St.3d ___, 2014-Ohio-3177, ___ N.E.3d ___, syllabus. This court has applied *Bonnell* to pending appeals.  *See, e.g., State v. Woods,* 1st Dist. Hamilton Nos. C-130413 and C-130414, 2014-Ohio-3892, ¶ 76.

4

{¶14} Consecutive sentences were certainly warranted in this case. But because the trial court did not adhere to R.C. 2929.14(C)(4), we must sustain the second assignment of error.

### Gerth's Right of Confrontation

{¶15} In his third and final assignment of error, Gerth maintains that the trial court erred when it admitted into evidence the medical records of Donald Evans. Therefore, he contends that his previous appellate attorney was remiss in failing to raise the issue.

{¶16} We are not persuaded. The records were admissible under Evid.R. 803(6), the hearsay exception for business records, and under R.C. 2317.422, which provides that the records of a licensed medical facility may be authenticated without live testimony if properly endorsed by a qualified representative of the facility.

{¶17} But Gerth contends that, even if the admission of the records was proper under the rules of evidence and the statute, their admission still violated his right to confront his accusers.

{¶18} We find no merit in this argument. The Supreme Court of Ohio has held that the admission of medical records under R.C. 2317.422 does not violate a defendant's Sixth Amendment right of confrontation in light of the trustworthiness of such records. *See State v. Spikes,* 67 Ohio St.2d 405, 410, 423 N.E.2d 1122 (1981). We recognize that *Spikes* was decided long before the United States Supreme Court clarified the definition of a "testimonial" statement under the Confrontation Clause in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But in the case at bar, Gerth's trial counsel conceded that any testimonial statements of Evans had been redacted prior to the admission of the records into evidence. Accordingly, previous appellate counsel was not derelict in failing to raise the issue, and we overrule the third assignment of error.

**Conclusion**

{¶19}    We vacate the sentences in part and remand the cause for the trial court to sentence Gerth, at the option of the state, on one count of failing to stop after an accident; to make the requisite findings for consecutive sentences; and to incorporate those findings into its sentencing entry.  In all other respects, we affirm the judgment of the trial court.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**HENDON** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.